### In re ROSENZWEIG.

(District Court, E. D. New York. April 29, 1913.)

BANKRUPTCY (§ 288*)—ORDER TO TURN OVER PROPERTY—EVIDENCE TO WARRANT.

Where a bankrupt, two or three days before the filing of the petition against him, fraudulently and in violation of the law of the state sold his stock of goods in bulk, and it was removed, the court cannot make an order to turn over the property or its proceeds against a number of

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

persons collectively, although they were each concerned in some manner with its disposal and removal, and their testimony is not worthy of full credence, when there is, nevertheless, no evidence that any one of them has either the property or its proceeds in his possession or under his control.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 447; Dec. Dig. § 288.*]

In the matter of Barnet Rosenzweig, bankrupt. On rule against certain persons to show cause why they should not be required to turn over property of the bankrupt. Rule discharged.

Lesser Bros., of New York City, for petitioner.
Archibald Palmer, of New York City, for Isaac Singer.
Clarence H. Seigle, of Brooklyn, N. Y., for William Friend.
Elias A. Deutschman, of Brooklyn, N. Y., pro se.

CHATFIELD, District Judge. A petition in bankruptcy was filed against Barnet Rosenzweig upon the 12th day of August, 1912. It appears that upon the 9th and 10th days of August, which were the Friday and Saturday before the filing of the petition, the stock of goods of the bankrupt was offered for sale at the office of one Elias A. Deutschman, attorney for Rosenzweig, and was examined by certain individuals, among them one Leventhal, by an unknown man called Rothstein, and by other parties. One of these individuals, Isaac Singer, an auctioneer, who knew all about the bankrupt and his stock of goods, and had had previous dealings with his attorney, made a bid thereon jointly with one Harris Glass. Another individual, Leventhal, made a bid of $2,000, of which $1,500 was to be used to pay creditors; but, according to the statement of the attorney for the bankrupt, a lower bidder, the man Rothstein, secured the stock and consummated the purchase. This sale was clearly against the provisions of the New York Personal Property Law (Consol. Laws 1909, c. 41), and was therefore in fraud of creditors.

A truckman was called in by the purchaser, the goods were removed at night to Singer's auction room, and the next day, according to Singer's statement, upon his refusal to sell the goods, except upon giving notes and not for cash, they were removed by the purchaser and have not been seen since that time.

Upon the testimony showing these facts, Singer, the auctioneer, Deutschman, the lawyer, Wittenstein, the truckman, Glass, one of the prospective purchasers (who knew of the attempt at sale and estimated the value of the goods), and one Friend, whose father subsequently sold the fixtures on a chattel mortgage, and who himself assisted in selling these fixtures in the very store from which the goods had been removed, were brought into court on an order to show cause why they should not account for the assets of the bankrupt.

On the testimony of these various parties, it is evident that the statement of none of them is satisfactory or worthy of entire credence. It is impossible to see how the attorney for the bankrupt could undertake a sale of this character and actually arrange for the transfer to a party whose name he forgets, and about whom he knows as little of

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

what he should remember as is shown in the testimony of Deutschman. Singer's testimony does not satisfy the court that he has told all he knows of the matter. But there is nothing upon the record from which to find that any one of the parties before the court has any of the property of the bankrupt. To say that the court does not believe their statements of what became of it, when none of it is actually traced into the possession of any one of these parties, is not sufficient upon which to base an application upon which to turn over property.

Charges of perjury and of contempt of court might result in suitable punishment for such statements and relations to a bankrupt's stock of goods. But even criminal prosecution and conviction would not take the place of some evidence indicating that the men accused are the ones who have the property or its proceeds in their possession or under their control. The counsel for the trustee himself states his position as follows:

"It is our contention that these parties, or some one of them, have possession of the stock, or its proceeds; that they should be compelled to account for it; that the bankruptcy court is not without power, if it is impressed by our argument, to compel the parties to disgorge, and to uncover the real facts with respect to this stock of goods." Memorandum, folio 4.

"Need anything more be said about this case? We have shown to the court the relationship of all parties to this transaction. We have narrated the events leading up to the disappearance of the stock. We have dug into the matter as far as we could, but our efforts have been in vain. Ours has been, up to the present time, a case of energy uselessly spent. Realizing this fact, we ask for the court's aid. We submit to the court facts, and upon these facts we ask for an order directing all parties to account for the stock or its proceeds." Folio 109.

Upon the present record it appears that the creditors cannot obtain the information or the property, and on this testimony an order to turn over the property cannot be made. The matter may be referred to the United States attorney for the proper action, if any charge of perjury or concealment of assets can be substantiated. But this court cannot inflict punishment for criminal contempt or apparent perjury, for the purpose of forcing the production of evidence or payment of property and money in the civil proceeding. Gompers v. Bucks Stove Co., 221 U. S. 418, 31 Sup. Ct. 492, 55 L. Ed. 797, 34 L. R. A. (N. S.) 874.